```
              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

UNITED STATES OF AMERICA )
)
v. )   CRIMINAL NO. 2:06 MJ 172
)
DAVID C. ROUHSELANG )

OPINION AND ORDER OF DETENTION

At the August 21, 2006 initial appearance, the government requested that the defendant, David C. Rouhselang, be held without bond. A detention hearing was conducted on August 24, 2006, and the court now makes the following findings of fact:

1. The defendant currently is charged in a one count criminal complaint with a violation of 18 U.S.C. §2422(b). If convicted, the defendant faces a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment.

2. At the detention hearing, the government proffered evidence to supplement the probable cause affidavit and the prebond report. The defendant proffered evidence and called Steve Likas as a witness.

3. Between August 2 and August 16, 2006, the defendant engaged in online conversations with an agent posing as a 13 year old girl. On August 3, 2006, the following conversation occurred:[1]

```
    (4:07:35 PM) daver1550:       do you have nice lips down there
    (4:07:40 PM) amanda_13.2006:  ?
    (4:07:56 PM) daver1550:       skin
```

---

[1] The conversation contained typographical errors, abbreviations, and other jargon, and it has been reproduced in its original format.

```
(4:07:56 PM) amanda_13.2006:  I dunno
(4:08:05 PM) daver1550:       are you blond there yet
(4:08:16 PM) amanda_13.2006:  hair
(4:08:20 PM) daver1550:       yeAH
(4:08:44 PM) amanda_13.2006:  a little bit
(4:08:44 PM) daver1550:       cool

...........

(4:27:55 PM) daver1550:       maybe an older guy like me can help you
                              learn
(4:28:03 PM) amanda_13.2006:  I dunno
(4:28:08 PM) amanda_13.2006:  I am only 13
(4:28:14 PM) daver1550:       I'd be really nice

...........

(4:31:17 PM) daver1550:       i could be the tv repair man and visit you
                              when moms gone to work
(4:31:25 PM) amanda_13.2006:  lol
(4:31:40 PM) daver1550:       then I can show you the tongue thing
(4:31:47 PM) amanda_13.2006:  lol
(4:31:51 PM) daver1550:       that i know youll like
```

Similar conversations occurred on August 14 and August 16, 2006.

    4.   On August 18, 2006, the defendant arrived at the pre-determined location to meet with a 13 year old girl.  After his arrest, the defendant admitted to the sexual online "chats".

    5.   In the August 16 online conversation, the defendant suggested that he take pictures of the 13 year old girl.  At the time of his arrest, the defendant was in possession of a camera.

    6.   In his online conversations, the defendant told the 13 year old girl that he had performed sexual acts with another young girl and that she enjoyed the activities.  He also indicated that he could go to the girl's house disguised as a television repairman.

    7.   After his arrest, the defendant called his wife from the Porter County Jail.  In a monitored conversation, the defendant

admitted to his wife that he had a problem with minor girls for a prolonged period of time.

    8.   The defendant resides with his wife and two stepchildren, one is a 13 year old girl.

    9.   The defendant is self-employed in the construction business.  Although the defendant subcontracts some of the construction work, he also performs carpentry work himself.  Steve Likas, a real estate agent, has been selling homes built by the defendant for approximately one year.

    10.   According to Likas, the defendant currently has eight homes under construction with closing dates scheduled.  Some of the prospective purchasers already have sold their houses in anticipation of moving into a house built by the defendant.  The defendant's confinement would preclude him from completing these projects and would result in a series of lawsuits.

    11.   The defendant has no prior criminal record.

    Under 18 U.S.C. §3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A).  The defendant is charged with using the internet to solicit sex with someone he believed to be a 13 year old girl in violation of 18 U.S.C. §2422(b).  If the defendant is charged with a crime of violence, there is a rebuttable presumption in favor of detention.

    In *United States v. Munro*, 394 F.3d 865 (10th Cir. 2005), the defendant was charged with using the internet to solicit sex with a minor in violation of Section 2422(b) along with carrying

a firearm during a crime of violence in violation of 18 U.S.C. §924(c). The Court of Appeals concluded that the attempted sexual abuse of a minor was a crime of violence and upheld the Section 924(c) conviction. 394 F.3d at 870-871. *See also* ***United States v. Abad***, 350 F.3d 793, 798-99 (8th Cir. 2003) (where the defendant was charged with traveling in interstate commerce to engage in sexual activity with a minor in violation of 18 U.S.C. §2423(b), the Court of Appeals held that the defendant was charged with a crime of violence and that the district court erred in releasing the defendant on bond); ***United States v. Champion***, 248 F.3d 502, 506 (6th Cir. 2001) (in sentencing the defendant following his conviction under Section 2422(b) and other statutes designed to protect minors, it was held that the defendant was convicted of a crime of violence and that an enhancement was appropriate under Section 4B1.1 of the Sentencing Guidelines); ***United States v. Searcy***, 418 F.3d 1193, 1197 (11th Cir. 2005) (finding that a violation of Section 2422(b) was a crime of violence under Section 4B1.1).

In ***United States v. Vargas***, 332 F.3d 471 (7th Cir. 2003), the Seventh Circuit reviewed the Application Note to Section 2L1.2 and concluded that any sexual abuse of a minor constitutes a crime of violence. 332 F.3d at 473-74. *See also* ***United States v. Martinez***, 250 F.3d 1101, 1105 (7th Cir. 2001) ("Engaging in sexual intercourse with a thirteen-year-old girl was a 'crime of violence'").

4

The foregoing cases are consistent with the definition of "crime of violence" under Section 3156(a)(4)(B):

> the term "crime of violence" means -
>
> * * *
>
> (B)  any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense . . .

For purposes of Section 3156(a)(4)(B), a charge under Section 2422(b) is a crime of violence.

In determining whether detention is appropriate, one factor to be considered is "the weight of the evidence against the person . . . ."  Section 3142(g)(2) In the instant case, the government has a transcript of the entire conversation from the internet chat room and the defendant admitted participating in these conversations and traveling to meet a 13 year old girl.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) Between August 2 and August 16, 2006, the defendant engaged in six sexually explicit conversations with a police officer posing as a 13 year old girl.  On August 18, 2006, the defendant was arrested when he arrived at a predetermined location to meet this minor.  In one of the conversations, the defendant suggested that he take pictures of the sexual encoun-

5

ter, and he was in possession of a camera at the time of his arrest.  The defendant also told the 13 year old girl that he had engaged in sexual activity with another 13 year old girl.

The defendant is self-employed in the construction business. If released to complete the eight houses which he has under construction, the Probation Department could not monitor his whereabouts.  Additionally, it would be difficult to provide restrictions on the defendant's activities which would deny him access to a computer and minor children.  In fact, the defendant resides with his 13 year old stepdaughter.  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. §3142(e)

Pursuant to 18 U.S.C. §3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 30th day of August, 2006

                                    s/ Andrew P. Rodovich
                                       United States Magistrate Judge